CITED *in Fowler* v. *Roe,* 1 *Dutch.* 549; *Schuyler* v. *Trefren,* 2 *Dutch.* 213; *Mor. Can. & Bkg. Co.* v. *Mitchel,* 2 *Vr.* 103-107; *McQuade* v. *Emmons,* 9 *Vr.* 396.

---

## ALLEN AND OTHERS v. HOPPER.

It belongs to the court rendering the judgment, to determine whether an execution shall issue notwithstanding the allowance of a writ of error; and the court out of which the writ of error has issued, will not ordinarily interfere.

---

Judgment having been obtained in the Circuit Court of the county of Passaic, against Allen at the suit of Hopper, upon a declaration with a sworn schedule annexed, to which there was no plea or demurrer, Allen brought a writ of error to this court. At the last term this writ was dismissed for want of service of a copy of the errors assigned. The plaintiff then sued Allen and his bail upon the recognizance filed, and obtained judgment for want of a plea. A writ of error having been brought upon this last judgment, returnable to the present term of this court, which was presented allowed at the recent term of the Circuit Court, that court thereupon made an order that the writ of error should not supersede or stay execution, upon the ground that it was apparent the writ was brought for the mere purpose of delay, pursuant to the 12th section of the act respecting writs of error. (*Rev. Stat.,* 983.)

*Mr. Woodruff* for the plaintiffs in error, obtained a rule to show cause why this court should not stay the proceedings on the execution, pending the writ of error.

This rule came on for hearing before Justices ELMER and HAINES. *Woodruff* and *Whitehead* for the rule, insisted that it belonged to the court out of which the writ of error issued, to determine whether the writ was sued out in good

faith, or for delay, and cited *Sayre* v. *Reynolds*, 2 *South.*, 564. They also insisted that the record showed that there are errors in the judgment upon the recognizance.

*Ryerson* for defendant in error, cited 3 *Term R.*, 79 ; 4 *T. R.* 436 ; 1 *H. B.* 432 ; 2 *Bos. and P.*, 329 ; 5 *T. R.*, 669 ; 2 *D. and Ry.* 208 ; 4 *D. and R.* 153 ; 2 *Bing.* 326.

ELMER, J. I am entirely satisfied that the court out of which the execution issues, is the proper tribunal to determine whether it is apparent that the writ of error was issued in bad faith, or for the mere purpose of delay, otherwise the execution would always be delayed until the writ of error should be returned. It appears by the cases cited that such is the practice of the English courts. The 12th section of the act respecting writs of error, which before the late revision, formed a part of the practice act, is only a statutory adoption of the existing practice. The case of *Sayre* v. *Reynolds*, was before the supplement was passed, which required bail in error to be put in within fifteen days to stay the execution.

The power of awarding an immediate execution, notwithstanding the allowance of a writ of error, is a matter within the discretion of the court, with which the court of errors ought not to interfere, unless, perhaps, in a case of plain mistake or manifest injustice. No instance of such interference has been shown. At one time, the courts of Westminster Hall seem to have exercised the power, in cases where it was alleged the writ of error was merely for delay, only upon proof by affidavits of express declarations of the party to that effect. But the later cases go further. Where error is brought by the plaintiff after a nonsuit, it is ordinarily considered to be a case of mere delay. In the case of *Newton* v. *Conyngham*, 5 *Man. Gran. and S.*, 750, where the error assigned after a non-suit, was that a *ca. sa.* had been wrongfully awarded for the costs, a copy of which as served on the defendant's attorney was produced, which the court thought a serious question, the writ of error was allowed to remain a supersedeas ; but that case shows that

the practice is not to permit this, if the errors alleged are frivolous. The errors alleged to exist in this case, if they are errors at all, as to which no opinion is meant to be intimated, are, at most, errors of form. The plaintiffs in error made no defence to the action against them. Indeed it is too plain to be questioned, that the whole proceeding has been an experiment to obtain delay and hinder the collection of a debt, the justice of which has not been denied—an experiment that ought to fail. Let the rule to show cause be discharged with costs.

HAINES, J., concurred.